[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff husband commenced this action for a dissolution of marriage on the ground of irretrievable breakdown. He also sought an assignment of a portion of the defendant's estate and other relief as on file. The answer of the defendant wife admitted the irretrievable breakdown of the marriage; in her cross complaint she also alleged that the marriage has broken down irretrievably. She seeks a dissolution on that ground, alimony, and other relief, as on file.
Both spouses were represented by counsel throughout these proceedings. At the trial, each testified and submitted financial affidavits. The plaintiff's mother also testified and a number of documentary materials were introduced into evidence. Counsel made oral argument.
From the evidence, I find as follows.
The couple was married at Colchester, Connecticut, on December 31, 1994. The wife's birth name was Susan Hansen. The husband has resided continuously in this state for at least one year before the commencement of this proceeding. There are no minor children issue of the marriage, and none have been born to the wife since the date of the marriage. The husband is not a recipient of public assistance; the wife receives AFDC for a child born of a prior relationship. All statutory stays have expired and the court has jurisdiction.
The State of Connecticut appeared through the office of the attorney general, but claims no interest in the action.
The husband is a 33-year-old college graduate and works as a software engineer earning $962[1] per week gross, $664 per week net. This is his second marriage, the first ended in divorce.
The wife is 36 years old, a high school graduate and unemployed. She receives $102 per week in AFDC benefits plus $43 per week in food stamps. She resides in transition housing and has had experience as a nurse's aide or companion. She CT Page 12101 attends seminars and receives employment training. She receives no support for her child and has made no attempt to pursue child support from the child's father. This is her third marriage; her first and second ended in divorce.
The marriage has irretrievably broken down and probably never should have occurred to begin with. The parties argued even before the marriage and separated within four months of their wedding. Although the testimony of each spouse lacks credibility in several respects, I find the wife's testimony as to the cause of the destruction of this extremely troubled and dysfunctional marriage more credible and find that the husband bears a somewhat greater share of the responsibility for that breakdown.
The wife discloses no assets on her financial affidavit, with the exception of a claim to a certain automobile. She has tangible personal property in storage; its value, however, as previously noted, was not disclosed. She reports $2,445 in liabilities.
The husband reports $21,565 in assets, including a 401K plan of $19,565, reduced by $3,292 (because of negative equity in a motor vehicle) to a net of $18,273. Against these assets he reports liabilities of $46,100. His liabilities were substantial prior to the marriage and were increased somewhat by his charging the expenses of bringing the defendant and her son from Nevada to Connecticut, before the marriage. He also was fully aware of her criminal conviction and gave her funds to return to Nevada, resolve the case and pay a fine and/or restitution.
The wife brought no monetary assets to the marriage except for a 1992 Nissan automobile, which was soon repossessed, due to her failure to make the loan payments. She was not employed during the marriage, claiming that she did not accept certain job possibilities because the plaintiff wanted `her home when he was home'. After the repossession of her car, the plaintiff's mother furnished the parties with a vehicle, which the wife had use of. The parties assert conflicting claims to this vehicle. The defendant claims it was an unconditional gift to her; the plaintiff asserts there was no gift of ownership, and that it was only for the couple's use. In any event, shortly after the parties' separation, the plaintiff obtained possession of the car by self-help. The car, at one time CT Page 12102 registered in the defendant's name alone, was reregistered in the plaintiff's mother's name, who is not a party to this action.
Hence, it is not possible to resolve the title or right to possession of the motor vehicle in this action. Nor, in the view I take of the case, is it necessary to do so. In any event, although the vehicle was valued in the area of $7,500, at the time of the transaction, there was a loan against it of $4,100, making the actual net value of the vehicle in the area of about $3,400. The defendant made no loan payments thereon.
I make the following additional findings.
Despite her criminal record, and the fact that she is still on probation, the defendant has an earning capacity and was self supporting when in Nevada. She did not make reasonable efforts to fully exploit her earning capacity after the parties' separation. Her ability to hunt for employment and actually enter the job market was also hampered by the plaintiff's seizure of the automobile. The plaintiff's weekly expenses disclosed on his financial affidavit are overstated. Although the plaintiff paid all of the expenses of the parties leading up to and during the marriage, including the wedding itself, he gained a substantial income tax benefit by reason of the parties' marriage on the last day of 1994. The plaintiff was fully aware prior to the marriage of the defendant's prior criminal record and exposure to fines and restitution.
Orders were entered regarding the return of certain personalty by the plaintiff to the defendant from the bench, which orders are confirmed.
I have considered all of the statutory factors in General Statutes §§ 46b-62, 46b-81 and 46b-82 in the light of the evidence, and the following orders shall enter.
(1) The parties' marriage is dissolved on the ground of irretrievable broken.
(2) The plaintiff shall pay to the defendant the sum of $3,000 as lump sum alimony within sixty (60) days hereof. I find that she is in need of transportation and support, that a vehicle is a necessity for her, that such alimony award is CT Page 12103 actually needed for her support and maintenance, and is in the nature thereof, as it will assist her in purchasing a vehicle, and such award shall not be affected by any discharge in bankruptcy.
(3) The defendant shall assign all right, title and interest she may claim in and to a 1993 Chevrolet Corsica automobile to the plaintiff and shall execute and deliver any releases or other documents necessary or incidental to the quieting of title thereof.
(4) The defendant's outstanding unpaid medical bills in the approximate amount of $500[2] (incurred during the parties' marriage) shall be submitted by the plaintiff to his insurance carrier. Any bills unreimbursed or uncovered by such insurance shall be paid by the defendant.
(5) Each shall retain the tangible personal property in his or her possession, with the exception of the several items previously ordered turn over to the defendant.
(6) The defendant shall pay the Prodigy bill shown on her financial affidavit. The plaintiff shall pay the debts shown on his financial affidavit, including the debt owed to Shawmut and save the defendant harmless therefrom.
(7) The plaintiff shall take and have his 401K plan, his 1985 automobile and his bank account free of the defendant's claims.
(8) The defendant's birth name of Hansen is restored to her.
(9) The plaintiff shall pay toward the defendant's attorney's fees, the sum of $700 within ninety (90) days hereof. I find that a denial of attorney's fees would impair or undermine the other financial awards herein entered.
(10) All documents incidental or necessary to the effectuation of the orders entered herein shall be completed, executed and exchanged within thirty (30) days hereof.
Teller, J.